UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO:

MICHAEL PHELPS,

    Plaintiff

    v.

LEE COUNTY, FLORIDA

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL PHELPS ("Plaintiff" or "Mr. Phelps"), files the following Complaint for Damages and Demand for Jury Trial against Defendant, LEE COUNTY ("Lee County" or "the County" or "Defendant"), for refusing to hire Plaintiff because he is legally blind, and alleges as follows:

**INTRODUCTION**

1. This is a discrimination action brought by Plaintiff, MICHAEL PHELPS, a legally blind and disabled individual whom Lee County refused to hire as a librarian, despite his qualifications for the job. Mr. Phelps contends that the County's refusal to hire him discriminates against him based on his disability, and that the County's application and hiring process has a disproportionate impact on himself and the blind population. Mr. Phelps brings this action pursuant to the Americans with Disabilities Act, as amended, *42 U.S.C. § 12101 et seq.*, and the Florida Civil Rights Act, *Fla. Stat. § 760.01 et. seq.* ("FCRA") to recover unpaid wages, damages, injunctive relief, and attorneys' fees and costs.

2. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter "ADA"), and specifically found, *inter alia,* that:

   (i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii) Historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) Discrimination against individuals with disabilities persists in such critical areas of employment;

   (iv) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

*42 U.S.C. § 12101(a)(1)-(3), (5), and (9).*

3. Congress explicitly set forth the purpose of the ADA; to wit:

   (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii) Provide strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

   (iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

*42 U.S.C. §§ 12101(b)(1)(2)* and *(4).*

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, MICHAEL PHELPS, is a resident of Lee County, Florida, over the age of 18 years, and otherwise *sui juris.*

5. At all times material hereto, Defendant, Lee County, is and was a political subdivision of

the State of Florida located in Southwest Florida. Lee County is a government entity that employed fifteen (15) or more people during all times material hereto, making Lee County an "employer" as that term is defined by 42 U.S.C. § 12111(5)(a) and Fla. Stat. § 760.02 (7).

6. During all times material hereto, Defendant, Lee County, was also a covered public entity, as defined by 42 U.S.C. § 12111(2) and 42 U.S.C. § 12131(1)(b).

7. All acts and omissions giving rise to this dispute took place within Lee County, Florida.

8. Jurisdiction is proper within the Middle District of Florida pursuant to *28 U.S.C. §§ 1331* and *1337*.

9. Supplemental jurisdiction over state claims arising under the Florida Civil Rights Act is properly before this Court pursuant to *28 U.S.C. § 1367*.

10. Venue is proper within the Middle District of Florida pursuant to *28 U.S.C. § 1391(b)*.

## **GENERAL ALLEGATIONS**

11. During all material times hereto, Mr. Phelps has suffered from acute bilateral atrophy, which has caused him to be legally blind in both eyes. This constitutes a bona fide disability under the ADA and the Florida Civil Rights Act, as Mr. Phelps is physically impaired and his major life activities are substantially limited because of his physical impairment.

12. Mr. Phelps has struggled with his blindness since he was born.

13. From July 2013 until August 1, 2019, Mr. Phelps worked at a public library in Cabell County, West Virginia.

14. Between in or around January 2019 and around August 9, 2020, Mr. Phelps submitted several job applications with Lee County, Florida, to work for it as a Library Associate at the Pine Island Public Library.

15. Mr. Phelps was legally blind when he applied for several job positions with Lee County, including the library associate position at the Pine Island Public Library.

16. Lee County employs thousands of individuals.

17. Mr. Phelps provided the contact information of his previous supervisor in his job application with Lee County, as well as information regarding his experience and education. He also provided the County with several references.

18. The Library Associate position that Mr. Phelps applied for with Lee County does not require an individual to have perfect vision to perform the essential functions of the job.

19. Nevertheless, Lee County's job application required Mr. Phelps to indicate whether he possessed a valid driver's license and whether he suffered from a disability.

20. Because Mr. Phelps is legally blind, he does not operate motor vehicles.

21. Mr. Phelps therefore completed the job application by indicating that he was disabled and that he did not hold a valid driver's license.

22. Mr. Phelps was qualified to perform the essential functions of the position of Library Associate when he applied to work for Lee County.

23. Mr. Phelps exhausted his administrative claims against Lee County by timely dual filing a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission on or about September 18, 2020, alleging discrimination on the basis of his disability.

24. The Equal Employment Opportunity Commission issued Mr. Phelps his right to sue letter on January 21, 2021, providing Mr. Phelps with the right to bring a civil action against Lee County for failing to hire him on the basis of his disability.

25. Mr. Phelps attempted to mitigate his damages.

## COUNT I - INTENTIONAL DISCRIMINATION UNDER TITLE I OF THE ADA

26. Plaintiff re-alleges and re-avers Paragraphs 1 through 25 as though fully set forth herein.

27. Mr. Phelps satisfied all necessary conditions precedent prior to filing this Complaint.

28. During all times material hereto, Mr. Phelps was disabled, and therefore was a qualified individual under the ADA.

29. Lee County intentionally discriminated against Mr. Phelps under the Americans with Disabilities Act because of his disability.

30. In particular, Lee County refused to hire Mr. Phelps because of his disability.

31. As a result of Lee County's discriminatory conduct, Mr. Phelps suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including lost wages, lost benefits, compensatory damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, MICHAEL PHELPS, demands judgment be entered in his favor against Defendant, LEE COUNTY for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Mr. Phelps and similarly situated individuals to Mr. Phelps who have a disability; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay resulting from Lee County's discrimination; (d) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT II - DISPARATE IMPACT UNDER TITLE II OF THE ADA

32. Mr. Phelps hereby re-alleges and re-avers Paragraphs 1 through 25 as though fully set

forth herein.

33. Mr. Phelps satisfied all necessary conditions precedent prior to filing this Complaint.

34. During all times material hereto, Mr. Phelps was disabled, and therefore was a qualified individual under the ADA.

35. While Lee County's hiring process for job positions at the Pine Island Public Library is facially neutral, it has a disproportionate adverse effect on visually impaired individuals because Lee County requires applicants to posses a valid driver's license.

36. This disparately impacts the blind population who cannot hold a driver's licenses because of their disability.

37. Holding a valid driver's license and being able to drive are not essential functions of the job positions that Mr. Phelps sought with Lee County.

38. Furthermore, Lee County's policy of requiring job applicants to hold a valid driver's license is not job related and is inconsistent with the County's business necessities.

39. As a result, Mr. Phelps suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including lost wages, lost benefits, compensatory damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, MICHAEL PHELPS, demands judgment be entered in his favor against Defendant, LEE COUNTY for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Mr. Phelps and similarly situated individuals to Mr. Phelps who have a disability; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay resulting from Lee County's discrimination; (d) reasonable attorney's

fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

### **COUNT III - INTENTIONAL DISCRIMINATION UNDER TITLE II OF THE ADA**

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though fully set forth herein.

41. Plaintiff satisfied all necessary conditions precedent prior to filing this Complaint.[1]

42. During all times material hereto, Mr. Phelps was blind and disabled, and therefore was a qualified individual under the ADA.

43. Lee County discriminated against Mr. Phelps under the Americans with Disabilities Act because of his disability.

44. As a direct and proximate cause of Lee County's refusal to hire Mr. Phelps, he has suffered damages, including, but not limited to, lost wages, loss of earning capacity, and mental anguish.

45. Mr. Phelps also suffered irreparable harm because Lee County deprived him of his federal statutory right against discrimination by a public entity. More specifically, Lee County refused and/or failed to hire Plaintiff because he was disabled, for which there is no adequate remedy at law.

46. Mr. Phelps is entitled to recover his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a(b).

WHEREFORE, Plaintiff, MICHAEL PHELPS, demands judgment be entered in his favor against Defendant, LEE COUNTY, for violations of the Americans with Disabilities Act, and

---

[1] To the extent that Mr. Phelps' Title I claims overlap with his Title II claims, Mr. Phelps timely filed a charge of discrimination and this lawsuit thereafter. However, Title II of the ADA incorporates the enforcement procedures of the Rehabilitation Act which do not require exhaustion of administrative remedies. *See* Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816, 824 (11th Cir. 1998).

seeks an award including, but not limited to: (a) an order enjoining Defendant from discriminating against Mr. Phelps; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay; (d) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT IV - DISPARATE IMPACT UNDER TITLE II OF THE ADA

47. Mr. Phelps hereby re-alleges and re-avers Paragraphs 1 through 25 as though fully set forth herein.

48. Mr. Phelps satisfied all necessary conditions precedent prior to filing this Complaint.

49. During all times material hereto, Mr. Phelps was disabled, and therefore was a qualified individual under the ADA.

50. Lee County's hiring process for employees at the Pine Island Public Library has a disparate impact on disabled individuals.

51. In particular, Lee County requires applicants for job positions at the Pine Island Library to have a valid driver's license.

52. This disparately impacts the blind population. Legally blind individuals cannot have a driver's licenses because of their disability.

53. Holding a valid driver's license and being able to drive are not essential functions of the job positions that Mr. Phelps sought with Lee County.

54. Furthermore, Lee County's policy of requiring job applicants to have a valid driver's license is not job related and is inconsistent with the County's business necessities.

55. As a result, Mr. Phelps suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including lost wages, lost benefits, compensatory damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, MICHAEL PHELPS, demands judgment be entered in his favor against Defendant, LEE COUNTY for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Mr. Phelps and similarly situated individuals to Mr. Phelps who have a disability; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay resulting from Lee County's discrimination; (d) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT V - INTENTIONAL DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

56. Mr. Phelps hereby re-alleges and re-avers Paragraphs 1 through 25 as though fully set forth herein.

57. Pursuant to the Florida Civil Rights Act of 1992:

> The general purposes of the Florida Civil Rights Act of 1992 are to secure for all individuals within the state freedom from discrimination because of race, color, religions, sex, pregnancy, national origin, age, **handicap**, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capabilities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

*Fla. Stat. § 760.01(2)* (emphasis added)

58. The Florida Civil Rights Act makes it unlawful for an employer to "**discharge or to fail or refuse to hire any individual**, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, **handicap**,

or marital status. *Fla. Stat. § 760.10(1)(a)* (emphasis added).

59. During all pertinent time periods alleged herein, Mr. Phelps suffered from a bona fide handicap as that term is defined by the Florida Civil Rights Act.

60. Prior to the filing of this lawsuit, Mr. Phelps satisfied all conditions precedent arising under Florida law.

61. Lee County intentionally discriminated against Mr. Phelps under the Florida Civil Rights Act because of his handicap.

62. In particular, Lee County refused to hire Mr. Phelps because of his handicap.

63. As a result of Lee County's discriminatory conduct, Mr. Phelps suffered damages.

64. As a result of Lee County's discriminatory conduct, Mr. Phelps suffered and will continue to suffer damages, and is entitled to an award of all relief available under the Florida Civil Rights Act, including lost wages, lost benefits, compensatory, and all attorney's fees and costs.

WHEREFORE, Plaintiff, MICAHEL PHELPS, respectfully requests that this Honorable Court enter judgment in her favor against Defendant, LEE COUNTY, as follows: (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Mr. Phelps and similarly situated individuals to Mr. Phelps who have a disability or handicap; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay resulting from Lee County's discrimination; (d) awarding Mr. Phelps compensatory and consequential damages pursuant to *Fla. Stat. § 760.50(6)(a)(3)*; (e) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## COUNT VI - DISPARATE IMPACT UNDER THE
## FLORIDA CIVIL RIGHTS ACT

65. Mr. Phelps hereby re-alleges and re-avers Paragraphs 1 through 25 as though fully set forth herein.

66. During all pertinent time periods herein, Mr. Phelps suffered from a bona fide handicap as that term is defined under the Florida Civil Rights Act.

67. Prior to the filing of this lawsuit, Mr. Phelps satisfied all conditions precedent arising under Florida law.

68. Lee County's hiring process for employees at the Pine Island Public Library has a disparate impact on disabled individuals.

69. In particular, Lee County requires applicants for job positions at the Pine Island Library to have a valid driver's license.

70. This disparately impacts the blind population.

71. Legally blind individuals, such as Mr. Phelps, cannot hold a driver's licenses because of their disability.

72. Holding a valid driver's license and being able to drive are not essential functions of the job positions that Mr. Phelps sought with Lee County.

73. Furthermore, Lee County's requirement that Pine Island Public Library employees hold a valid driver's license is not job related and is inconsistent with the County's business necessities.

74. As a result, Mr. Phelps suffered and will continue to suffer damages, and is entitled to an award of all relief available under the Florida Civil Rights Act, including lost wages, lost benefits, compensatory damages, and all attorney's fees and costs.

WHEREFORE, Plaintiff, MICAHEL PHELPS, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, LEE COUNTY, as follows:  (a) injunctive relief against the Defendant, its agents and employees, and all other persons in active concert or participation with it, from discriminating against Mr. Phelps and similarly situated individuals to Mr. Phelps who have a disability; (b) compensatory damages to compensate Mr. Phelps for injuries resulting from such discrimination; (c) back pay and front pay resulting from Lee County's discrimination; (d) awarding Mr. Phelps compensatory and consequential damages pursuant to *Fla. Stat. § 760.50(6)(a)(3)*; (e) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.  and ordering any other further relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL PHELPS hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated this 15th day of February 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 15, 2021.

>By: */s/ Jordan Richards, Esquire*
>JORDAN RICHARDS, ESQUIRE
>Florida Bar No. 108372

## SERVICE LIST: